Bill CAMPBELL *v.* STATE of Arkansas

5783                                485 S.W. 2d 748

Opinion delivered October 23, 1972

*Rice L. Van Ausdall,* for appellant.

*Ray Thornton,* Atty. Gen., by: *Henry Ginger,* Deputy Atty. Gen., for appellee.

George Rose Smith, Justice. In 1968 the appellant, while on parole from the penitentiary in Illinois, was arrested in Arkansas upon a charge of forgery and uttering. By agreement with the prosecuting attorney he pleaded guilty, received an eight-year sentence to run concurrently with his Illinois sentence, and was returned to Illinois for further confinement. After serving 26 months there he was released, was brought back to Arkansas, and is now

confined by the Department of Corrections here. By petition for postconviction relief he contends that he has served the full time contemplated by his agreement with the prosecuting attorney and is entitled to be released. This appeal is from an order denying his petition.

The facts are not in dispute. M. Burk Dabney, the deputy prosecutor who handled the case in 1968, filed with the clerk at that time a written statement of the agreement. He also testified at the postconviction hearing in the court below. According to Dabney, the agreement was that if Campbell served in Illinois less than the minimum time required for parole eligibility, he would be returned to Arkansas to serve out a minimum sentence here. If, however, Campbell served long enough in Illinois to be eligible for release under the Arkansas eight-year sentence, with time off for good behavior, he would not have to come back to Arkansas. Campbell's version of the agreement is to the same effect.

After the entry of the Arkansas judgment on August 8, 1968, Campbell served 26 months in Illinois and was then brought back to Arkansas. He had served an additional month here when the postconviction petition was heard in the trial court.

From the undisputed facts it appears that Campbell has served sufficient time to satisfy the terms upon which he agreed to plead guilty. Under § 28 of Act 50 of the First Extraordinary Session of 1968, which was in force when Campbell was sentenced, he was eligible for parole at any time unless a minimum time to be served, of not more than one third of the sentence, was imposed. No such minimum was imposed in the August, 1968, judgment. Furthermore, § 14 of Act 50 also allowed statutory good time of eight days for each month served for the first five years of any term. Dabney so understood the statute, for he testified below: "Normally, we feel a defendant is entitled to parole after he has served a third of his time, and of course we have some time off for good behavior." Act 50, *supra,* has since been repealed, but the present statute expressly recognizes its controlling effect with

respect to sentences imposed while it was in force. Ark. Stat. Ann. § 43-2807 (c) (2) (Supp. 1971).

Campbell served 26 months in Illinois. He is also entitled to a credit for statutory good time at the rate of eight days for each of those months, which comes to about 6.8 additional months. His total time for parole eligibility was therefore 32.8 months when he was released from confinement in Illinois. Since one third of an eight-year sentence is only 32 months, Campbell served a sufficient time in Illinois to meet the conditions upon which he pleaded guilty. The rest of his sentence should accordingly be suspended, entitling him to be released by the Department of Corrections.

The judgment is reversed and the cause remanded for further proceedings, with an immediate mandate to be issued.

FOGLEMAN, J., not participating.